An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-82-2

Filed 5 August 2026

Durham County, Nos. 19CR002363-310, 19CR002364-310, 19CR056406-310

STATE OF NORTH CAROLINA,

v.

JAMES FREDRICK BOWMAN, Defendant.

Defendant appeals from judgment entered 25 January 2022 by Judge Josephine K. Davis in Durham County Superior Court. Originally heard in the Court of Appeals 17 October 2023. On remand from the North Carolina Supreme Court.

>*Attorney General Jeff Jackson, by Senior Deputy Attorney General Jasmine S. McGhee, for the State.*

>*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for Defendant-Appellant.*

CARPENTER, Judge.

This case returns to us from the North Carolina Supreme Court, which instructed us to consider additional arguments raised by James Fredrick Bowman ("Defendant"). Defendant contends that the trial court plainly erred in accepting two verdicts of guilt for two counts of first-degree forcible sexual offense, despite

submitting only one count to the jury. After careful review, we vacate the consolidated judgment in 19CR002364-310 and remand for resentencing.

## I. Factual & Procedural Background

On 21 October 2019, a Durham County grand jury indicted Defendant for one count of first-degree forcible rape, two counts of first-degree forcible sexual offense, one count of possession of a firearm by a felon, one count of assault by pointing a gun, one count of assault on a female, and one count of communicating threats. Defendant's first trial ended in a mistrial due to a hung jury. On 17 January 2022, the State retried Defendant, and the evidence tended to show the following.

At around 5:00 a.m. on 9 September 2019, S.B., who was romantically involved with Defendant and sharing a rented room with him, awoke to Defendant banging on the window and demanding she open the door. When S.B. opened the door, Defendant was armed with a handgun, accused S.B. of infidelity, and punched her in the chest. Defendant proceeded to assault S.B. anally, orally, and vaginally. As he did so, Defendant threatened to kill S.B., dismember her body, and bury her in pieces.

At the close of evidence, the trial court held a charge conference and instructed the jury. Defendant did not object to the jury instructions. In pertinent part, the trial court read the elements for first-degree forcible sexual offense once and explained the burden of proof. Specifically, it stated, "If you find . . . beyond a reasonable doubt . . . [Defendant] engaged in a sexual act . . . with [S.B.] . . . by force . . . it would be your duty to return a verdict of guilty of first degree forcible sexual

offense." The trial court did not separate the two counts of first-degree forcible sexual offense by specific instances of sexual act on the verdict sheet presented to the jury.

The jury found Defendant guilty, *inter alia*, of two counts of first-degree forcible sexual offense. The trial court entered a consolidated judgment and imposed a sentence of 365 to 498 months of active imprisonment. Defendant did not object to entry of the judgment, but gave oral notice of appeal in open court.

On appeal, this Court originally reversed in part and remanded for a new trial on two counts of first-degree forcible sexual offense. *State v. Bowman*, 292 N.C. App. 290, 298, 898 S.E.2d 27, 33 (2024). We concluded that "the trial court's single instruction as to first-degree forcible sexual offense was erroneous and jeopardized Defendant's right to a unanimous verdict" because Defendant faced charges on two counts, not one. *Id.* at 294–96, 898 S.E.2d at 31–32. We further observed that, although "[t]he trial court advised the jury that its verdict must be unanimous as to each charge, . . . the verdict sheet did not specify which sexual act was to be considered for each charge." *Id.* at 294, 898 S.E.2d at 31. This Court, therefore, determined that the trial court plainly erred and remanded for a new trial on two counts of first-degree forcible sexual offense. *Id.* at 298, 898 S.E.2d at 33.

One of our colleagues disagreed, contending the trial court did not plainly err "when it instructed the jury only once on the offense of first-degree forcible sexual offense, while defendant was indicted on two counts of that offense and where the jury received two jury verdict sheets, one for each of the counts, and returned each

marked guilty." *Id.* at 298, 898 S.E.2d at 34 (Thompson, J., dissenting). Reasoning that "the trial court did not err in failing to repeat its accurate jury instruction regarding this offense a second time in reference to the second count," *id.* at 298, 898 S.E.2d at 34, the dissent would have held the trial court did not err, let alone plainly err, by instructing the jury once on the elements of first-degree forcible sexual offense, *id.* at 302–03, 898 S.E.2d at 36–37 (Thompson, J., dissenting). The State appealed based on the dissent.

On appeal, our Supreme Court reversed our majority opinion. *State v. Bowman*, 387 N.C. 509, 521, 915 S.E.2d 134, 143 (2025). It stated that "evidence submitted to the jury does allow us to conclude that there was *possible unanimity* in the jury's decision." *Id.* at 520, 915 S.E.2d at 143 (emphasis added). Moreover, it explained that, "[b]ecause the trial court's jury instructions and the evidence on record cleared the verdict of any ambiguity, we cannot say that the trial court violated [Defendant]'s right to a unanimous jury verdict, let alone that it committed plain error." *Id.* at 520–21, 915 S.E.2d at 143. Thereafter, our Supreme Court remanded the case for us to address Defendant's "additional arguments . . . in a manner not inconsistent with [its] opinion." *Id.* at 521, 915 S.E.2d at 143.

## II. Issue

Although our dissenting colleague would have held the trial court did not err in its jury instructions, our Supreme Court limited its review to whether we "correctly concluded that the trial court committed plain error by violating [Defendant]'s right

to a unanimous jury verdict[]" before remanding. *Id.* at 515, 915 S.E.2d at 139. In our view, therefore, it is not inconsistent with its opinion to address the remaining issue on remand, which is whether the trial court plainly erred in accepting two convictions for first-degree forcible sexual offense despite only charging on and submitting one count to the jury.

## III. Analysis

### A. Standard of Review

Typically, to preserve an instructional or evidentiary issue for appellate review, we require "the party challenging the evidence or jury instruction to make a timely objection." *State v. Reber*, 386 N.C. 153, 157, 900 S.E.2d 781, 785 (2024) (citation omitted). This Court may, however, review unpreserved issues that are "specifically and distinctly" briefed as plain error, involving "either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence." *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996) (citations omitted).

To establish plain error, a defendant has the burden to make three showings:

> First, the defendant must show that a fundamental error occurred at trial. Second, the defendant must show that the error had a probable impact on the outcome, meaning that absent the error, the jury probably would have returned a different verdict. Finally, the defendant must show that the error is an exceptional case that warrants plain error review, typically by showing that the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Reber*, 386 N.C. at 158, 900 S.E.2d at 786 (cleaned up). A fundamental error is " 'something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.' " *State v. Lawrence*, 365 N.C. 506, 516–17, 723 S.E.2d 326, 333 (2012) (quoting *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)). Indeed, "where the [instructional] omission is so fundamental that it 'tilted the scales' and caused the jury to reach a different verdict than it would have otherwise, that error is plain error." *State v. Bowen*, 139 N.C. App. 18, 23, 533 S.E.2d 248, 251 (2000) (citing *Odom*, 307 N.C. at 660–61, 300 S.E.2d at 378–79). Moreover, to be an "exceptional case irreparably tainted by plain error[,]" the error is "abhorrent to the principles of fairness inherent in our justice system[.]" *State v. Allison*, 388 N.C. 664, 678–79, 923 S.E.2d 485, 496 (2025).

**B. Two Convictions**

Defendant requests that this Court reverse one of the two sex offense convictions, vacate the trial court's judgment, and remand his case for resentencing because the trial court plainly erred in its instruction. We agree.

On remand, we must navigate the path of analyzing the remaining issues in this case not inconsistently with our Supreme Court's opinion, without contravening long-standing precedent from our Supreme Court in *State v. Williams*, 318 N.C. 624, 350 S.E.2d 353 (1986) and *In re Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989),

which binds us to apply this Court's holding in *State v. Bowen*, 139 N.C. App. 18, 533 S.E.2d 248 (2000).

"It has long been the law of this State that a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment." *Williams*, 318 N.C. at 628, 350 S.E.2d at 356 (citations omitted). "[H]aving brought defendant to trial, the State was bound to prove all of the material elements of that charge . . . ." *Id.* at 628, 350 S.E.2d at 356. "The failure of the trial court to submit the case to the jury pursuant to the crime charged in the indictment amount[s] to a dismissal of that charge and all lesser included offenses . . . ." *Id.* at 628, 350 S.E.2d at 356.

Thus, if a trial court fails to submit to the jury one or more counts as charged in the indictment, the trial court "effectively dismisse[s] those charges." *See Bowen*, 139 N.C. App. at 24, 533 S.E.2d at 252. On appeal, this Court "must [then] vacate the judgment . . . ." *Id.* at 24, 533 S.E.2d at 252. Accepting a guilty verdict on a count that the trial court did not submit to the jury "is completely against the fairness and justice upon which our judicial system is based. It is 'more than erroneous; [it is] a basic violation of due process . . . .' " *See id.* at 26, 533 S.E.2d 253–54 (quoting *Williams*, 318 N.C. at 629, 350 S.E.2d at 356).

In *Bowen*, this Court vacated a judgment after the trial court failed to submit all five counts of indecent liberties to the jury. *Id.* at 26, 533 S.E.2d at 253–54. Because the trial court only instructed the jury on four out of five counts, we

concluded that "the trial court effectively dismissed the indictment of [the fifth count]." *Id.* at 26, 533 S.E.2d at 254. Accordingly, we vacated the judgment of the fifth count. *Id.* at 26, 533 S.E.2d at 254.

Here, Defendant has met his burden in establishing plain error. *See Reber*, 386 N.C. at 158, 900 S.E.2d at 786. After failing to submit two counts of first-degree forcible sex offense to the jury, the trial court fundamentally erred in accepting two convictions from the jury. *See id.* at 158, 900 S.E.2d at 786; *Bowen*, 139 N.C. App. at 24, 533 S.E.2d at 252. Indeed, the trial court "effectively dismissed" the second count of first-degree forcible sex offense, which meant that the jury could only convict Defendant on one count. *See Bowen*, 139 N.C. App. at 24, 533 S.E.2d at 252. Thus, the trial court's instructional error had a probable impact on the outcome of Defendant's case. *See Lawrence*, 365 N.C. at 516–17, 723 S.E.2d at 333. Moreover, because the jury essentially convicted Defendant on a dismissed charge, which was "a basic violation of due process[,]" *see Bowen*, 139 N.C. App. at 26, 533 S.E.2d at 253–54, this is an "exceptional case irreparably tainted by plain error[,]" *see Allison*, 388 N.C. at 679, 923 S.E.2d at 496.

Bound by the application of *Williams* in *Bowen*, we vacate the consolidated judgment and remand for the trial court to arrest judgment on one count of first-degree forcible sex offense and resentence Defendant on the remaining count. *See In re Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37 ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of

the same court is bound by that precedent, unless it has been overturned by a higher court.").

## III. Conclusion

In sum, the trial court plainly erred by accepting two convictions of first-degree forcible sex offense, despite only instructing on and submitting one count to the jury. Accordingly, we vacate the consolidated judgment in 19CR002364-310 and remand for the trial court to arrest judgment on one count and resentence. Further, as the Supreme Court did not disturb our prior analysis concerning clerical errors in the judgment, the trial court should also correct the clerical errors identified therein, including Defendant's prior record level and aggravating factors. *See Bowman*, 292 N.C. App. at 296–98, 898 S.E.2d at 32–33, *rev'd and remanded on other grounds*, 387 N.C. 509, 915 S.E.2d 134 (2025).

VACATED IN PART AND REMANDED.

Judges HAMPSON and MURRY concur.

Report per Rule 30(e).